[648 NYS2d 682]

In the Matter of Matthew P. Brady, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, October 21, 1996

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.*, Syosset (*Grace D. Moran* of counsel), for Grievance Committee for the Tenth Judicial District.

*Carl Banno,* Mineola, for respondent.

## OPINION OF THE COURT

Per Curiam.

Matthew P. Brady has submitted an affidavit, dated July 23, 1996, in which he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9).

In his affidavit Mr. Brady concedes that he has been served with a petition setting forth four charges of professional misconduct against him. These allegations relate to the respondent's representation of the Estate of William C. Blaes over a period of 21 years. The charges include neglect, commingling of personal and estate funds, and failing to account for estate funds or to maintain proper bank accounts and preserve the identity of funds in his possession.

Mr. Brady has expressed his awareness of the charges pending against him and averred that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone. He has discussed his decision to resign with his counsel, as well as other persons whose advice and counsel he respects, and is fully aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 and the Rules of this Court from seeking reinstatement for at least seven years.

Mr. Brady conceded that he could not successfully defend himself on the merits against the pending charges. He averred that there is no need for this Court to provide for restitution to the Estate of William C. Blaes inasmuch as he reached a settlement with the Administrators and their new attorney, in which he paid over the full amount demanded and also paid counsel fees of the new attorney.

Counsel for the Grievance Committee has recommended that the Court accept the proffered resignation. Under the circumstances, we accept the resignation of Matthew P. Brady as a member of the Bar and direct that it be filed. Accordingly, Matthew P. Brady is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the resignation of Matthew P. Brady is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Matthew P. Brady is disbarred and his name is

stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Matthew P. Brady shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Matthew P. Brady is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.